AUSA: Kathryn Wheelock

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALMON JOSEPH,<br><br>Defendants. | **COMPLAINT**  24 mj 719<br><br>Violations of 18 U.S.C. §§ 922(a)(1)(A), 922(a)(3), 924(a)(1)(D), and 2<br><br>COUNTIES OF OFFENSE:<br>NEW YORK, WESTCHESTER, ORANGE and ROCKLAND |

SOUTHERN DISTRICT OF NEW YORK, ss.:

Dariusz Zysk, being duly sworn, deposes and says that he is a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and charges as follows:

## COUNT ONE
### (Firearms Trafficking)

1. In or about between June 2023 and February 2024, in the Southern District of New York and elsewhere, ~~JOSEPH ALMON~~ ALMON JOSEPH, the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly engaged in the business of importing, manufacturing, and dealing in firearms, and in the course of such business shipped, transported, and received a firearm in interstate and foreign commerce, and aided and abetted the same, to wit, JOSEPH engaged in the business of dealing firearms without a license and in the course of dealing in firearms, transported them from Pennsylvania to New York.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D) and 2.)

## COUNT TWO
### (Illegal Interstate Transport or Receipt of Firearm Acquired Out of State)

2. In or about between June 2023 to February 2024, in the Southern District of New York and elsewhere, ALMON JOSEPH, the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly transported into and received in the state where JOSEPH resides any firearm purchased or otherwise obtained by JOSEPH outside that state, to wit, JOSEPH purchased a firearm in Pennsylvania and transported it to New York, where JOSEPH resides.

(Title 18, United States Code, Sections 922(a)(3), 924(a)(1)(D) and 2.)

The bases for my knowledge and for the foregoing charge is, in part, as follows:

3. I am a Task Force Officer with the ATF, and I have been personally involved in the investigation of this matter. I have been a Special Agent with the ATF for approximately a year.

Prior to working for the ATF, I was a Task Force Officer with the Drug Enforcement Agency for four years. In addition, I have been an investigator with the New York State Police ("NYSP") since 2014, and have worked for the NYSP for approximately nineteen years in total. During my time in law enforcement, I have investigated numerous firearms and ammunition cases. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

     4. Based on my involvement in this investigation, my conversations with law enforcement, my review of license plate reader data ("LPR"), and my review of location and pen register information from a cellphone ending in 4844 (the "4844 Cellphone") obtained pursuant to a judicially authorized warrant signed by the Honorable Judith C. McCarthy, United States Magistrate Judge, Southern District of New York on or about January 3, 2024 (the "January Warrant"), I am aware of the following:

     a. The 4844 Cellphone, based on information obtained in response to a subpoena to CSC Holdings, LLC, is registered to "Almon Joseph" at a particular address in the Bronx, New York (the "Bronx Address").

     b. On or about February 16, 2024, beginning at approximately 10:01 a.m., the 4844 Cellphone traveled from the Bronx, New York to Middletown, New York.

     c. At approximately 11:23 a.m., the 4844 Cellphone called gun shops in Scranton, Pennsylvania and Jamison, Pennsylvania.

     d. At approximately 11:39 a.m., the 4844 Cellphone was located in Middletown, New York, and subsequently traveled to Pennsylvania.

     e. At approximately 2:34 p.m., I received a phone call from the Pennsylvania State Police informing me that ALMON JOSEPH, the defendant, was at particular gun store in Muncy, Pennsylvania (the "Muncy Gun Shop") and had attempted to purchase three firearms.

     f. At approximately 4:21 p.m., I observed JOSEPH and two male individuals walk together into the Muncy Gun Shop. Shortly thereafter, I observed JOSEPH exit the Muncy Gun Shop carrying a black bag.

     g. Thereafter, law enforcement called the Muncy Gun Shop and spoke with an employee, who confirmed that JOSEPH had just purchased three firearms—specifically, a Baretta firearm and two Taurus firearms.

     h. Surveillance was maintained on JOSEPH and his vehicle after the purchase at the Muncy Gun Shop. Immediately after purchasing the three firearms from the Muncy Gun Shop, JOSEPH drove from Muncy, Pennsylvania to New York, crossing over the George Washington Bridge from New Jersey into New York.

          i. At approximately 7:20 p.m. in Manhattan, New York, law enforcement conducted a traffic stop of JOSEPH's vehicle. JOSEPH was driving with the two other male individuals in the vehicle, who JOSEPH identified as his cousins. When asked whether he had any firearms in the vehicle, JOSEPH stated that he had purchased three firearms which were in the vehicle. Three firearms were seized and JOSEPH was arrested.

          j. The three guns recovered from JOSEPH's vehicle were a 9mm Baretta Model APX firearm and two Taurus Model G2C 9mm firearms.

      5. I know that ALMON JOSEPH, the defendant, despite purchasing firearms in Pennsylvania, resides in New York. Based on a public records search, I know that JOSEPH is listed as residing at the Bronx Address (the address associated with the 4844 Cellphone, which is registered in his name, *see* note 1, *supra*). And, on or about December 27, 2023, I conducted surveillance on the Bronx Address and observed JOSEPH exit the building housing the Bronx Address.[1] I also know that cell cite location data for the 4844 Cellphone reveals that the phone was located primarily in New York from January 4, 2024 to the present. Finally, based upon my review of body camera footage (the "Body Camera Footage") and communications with law enforcement, I know that JOSEPH was driving a rental vehicle that was stopped by the NYSP on or about October 4, 2023 for speeding. JOSEPH stated to the NYSP Trooper that he was driving home to the Bronx at the time and had lived in the Bronx his whole life.

      6. Based on my review of New York State DMV records and information from a database maintained by the ATF, I am aware that—despite residing in the Bronx—ALMON JOSEPH, the defendant, surrendered his New York State driver's license and in May 2023 registered for a Pennsylvania State driver's license.

      7. Based on my review of information obtained from databases maintained by the ATF and the Pennsylvania State Police, I am aware that between on or about June 21, 2023 and December 26, 2023, ALMON JOSEPH, the defendant, purchased a total of approximately 33 firearms (the "Firearms") in a series of approximately twenty-one transactions (the "Transactions") at multiple different stores located in Pennsylvania.[2]

      8. Based on Hertz Corporation ("Hertz") records, I am aware that ALMON JOSEPH, the defendant, rented vehicles from Hertz (the "Rental Cars") and that the rental periods encompassed all but one of the Transaction dates. The Rental Cars were picked up from Hertz locations in Yonkers and Mount Vernon, New York, among other locations.

      9. Based on LPR data, Hertz records, and my involvement in this investigation, I believe that ALMON JOSEPH, the defendant, used the Rental Cars to transport firearms purchased

---

[1] I also conducted surveillance of the Bronx Address on two other occasions, including as recently as approximately two weeks ago, and observed JOSEPH enter into a vehicle parked across the street from the Bronx Address.

[2] The transactions occurred on or about each of the following dates in 2023: June 21, July 2, August 29, October 3, October 4, October 5, October 10 (two purchases), October 11, October 19, November 12, November 14, November 17, November 22, December 1, December 2, December 7, December 9, December 15, December 18, and December 26.

in Pennsylvania to New York. For example, Hertz records indicate that a vehicle rented by JOSEPH was picked up in Mount Vernon, New York at approximately 9:56 a.m. on or about October 10, 2023. Based on LPR data, I am aware that the car rented from Hertz was driven across the George Washington Bridge into New Jersey at approximately 2:27 p.m. Based on my review of information from databases maintained by the ATF and the Pennsylvania State Police, I know that on October 10, JOSEPH purchased three firearms at two stores in Warminster, Pennsylvania. Again based on my review of LPR data, I know that the rental car drove across the George Washington Bridge back into Westchester County at approximately 11:17 p.m. that night.

10. Further, based on LPR data, Hertz records, and my involvement in this investigation, I believe that ALMON JOSEPH, the defendant, passed through Rockland County to on his way to and/or from Pennsylvania to purchase firearms. I am aware of a pattern in which the Rental Cars were captured driving in Rockland County the day before and/or the day after multiple of the Transactions.

11. At least two of the Firearms purchased by ALMON JOSEPH, the defendant, in Pennsylvania have been recovered from third-parties in New York:

a. I am aware—based on my review of records from law enforcement and data from the National Integrated Ballistic Information Network ("NIBIN")—that a firearm purchased by JOSEPH on or about October 5, 2023 in Scranton, Pennsylvania was used in a shooting on November 5, 2023 in the Bronx (the "Shooting"); shell casings recovered from the scene of the Shooting were determined to have come from the firearm JOSEPH purchased on October 5, 2023 in Pennsylvania, and the firearm was recovered from a seventeen-year-old four days after the Shooting.

b. In addition, based on my review of NYPD records, I am aware that on or about December 29, 2023, an individual was arrested by the NYPD in Brooklyn, New York in possession of a loaded Smith and Wesson 0.45 caliber firearm bearing serial number NDL4974. Based on my review of data from the ATF National Tracing Center, I am aware that this firearm was purchased by ALMON JOSEPH, the defendant, in Scranton, Pennsylvania on or about November 14, 2023.

12. Based on a subpoena return from the Rikers Island Correctional Facility ("Rikers"), I am aware of the following:

a. Between on or about June 2, 2023 and January 25, 2024, a particular inmate's ("Co-Conspirator 1") Securus account ("Securus Account 1") called the 4844 Cellphone over fifty times.

b. On or about July 14, 2023 at approximately 4:50 p.m., Co-Conspirator 1, using a different Securus Account, called the 4844 Cellphone.[3] On the call, an individual whose voice I recognize as ALMON JOSEPH, the defendant's, said "I just drove to PA, and now I'm driving back." A few minutes later, Co-Conspirator 1 said "we need to figure something out, I need to

---

[3] Despite using a different Securus account, I recognize the voice on this call as belonging to Co-Conspirator 1 based on my review of numerous prison calls, including ones in which Co-Conspirator 1 identifies himself by his first name, which matches the name of the inmate registered to Securus Account 1.

make a quick couple of hundred," followed by "A'ight you got two, I'm going to have them shits gone by Sunday[.]" After other back-and-forth, JOSEPH reported "some n----- wants to buy one right now for seven, but that's low." Co-Conspirator 1 then asked what the "cheapest" JOSEPH paid was, and JOSEPH responded, "the cheapest I paid was 450." Co-Conspirator 1 responded "seven, nah, tell him nine for the cheapest one." JOSEPH responded, "that's what I'm sayin'," and then Co-Conspirator 1 said "that's why you gotta buy the Sccys for two, and you can sell them for seven, you feel me?"

        c. On or about November 15, 2023 at approximately 9:30 a.m.—the morning after JOSEPH purchased a firearm in Scranton, Pennsylvania—Co-Conspirator 1 using Securus Account 1 called the 4844 Cellphone, which I believe to be used by JOSEPH at the time given that I recognized JOSEPH's voice on the call. Co-Conspirator 1 told JOSEPH "make sure you grab that for Mike, too" and JOSEPH responded "that kid came to my house and picked up the other shit from me, but Imma go to him today when I go home definitely." JOSEPH then said that "he owes me a band" and continued to discuss that "Mike" owes him $1,000 and "bought one" from JOSEPH. JOSEPH also explained that in the future "[Mike]'s paying regular prices because . . . it's bad business." A few minutes later in the conversation, Co-Conspirator 1 said "you gotta get a funnel cake" and JOSEPH responded, "that's mad expensive bro."

        13. Based on my training and experience, I know that a "Sccy" (*see* paragraph 12(b), *supra*) is a brand of firearm. I also believe, given the reference to "Sccys," as well as the references to making money, "business," buying and selling items including a coded reference to "funnel cake," and ALMON JOSEPH, the defendant, driving back from "PA" (*i.e.*, Pennsylvania, where JOSEPH purchased the Firearms), that JOSEPH and Co-Conspirator 1 discussed the dealing of firearms on the prison calls described in paragraph 12, *supra*.

        14. Based on a search of the ATF database for licensed firearms importers, manufacturers, and dealers, I know that ALMON JOSEPH, the defendant, does not have a federal firearms license and accordingly, is not a licensed firearms importer, manufacturer, or dealer.

WHEREFORE, I respectfully request that ALMON JOSEPH, the defendant, be imprisoned or bailed, as the case may be.

DARIUSZ ZYSK
Task Force Officer
ATF

Sworn to before me
this 17th day of February, 2024.

THE HONORABLE ANDREW E. KRAUSE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK